UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

|  |  |  |
|---|---|---|
| KAMIKA MACKEY, | : | |
| | : | CASE NO: _____ |
| Plaintiff, | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| FAIRWINDS CREDIT UNION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

-----------------------------------------------------------------X

**COMPLAINT**

Kamika Mackey, by and through her attorneys, ALLEN & DAWSON, PLLC., alleges and states as follows:

**PRELIMINARY STATEMENT**

1. The Plaintiff, Kamika Mackey, brings this action against Fair Winds Credit Union, (hereinafter referred to as the "Defendant") for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 12201 et seq. and STATE ANTI-DISCRIMINATION LAWS.

2. Defendant hired Kamika Mackey on May 1, 2015 as Member Service Representative Floater servicing many branches. During her tenure at Fairwinds Credit Union, Kamika Mackey performed at an exceptional level of service and was often tapped to train incoming and rising personnel within the bank. Despite Kamika Mackey's many achievements, Defendant subjected her to discrimination and retaliation because she is a 42 year old woman. Beginning October 1, 2018 until February 8, 2019, after almost four years of service to Fairwinds Credit Union, Defendant summarily failed to promote Kamika Mackey and have promoted employees who have been several years younger, had less seniority at Fairwinds Credit Union and significantly less experience in the banking industry.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the ADEA and the Florida Civil Rights Act. This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. §1367(a).

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Fairwinds Credit Union resides in this district and all Defendant reside in Florida/ 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district/ 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of the action is situated in this district/ 28 U.S.C. § 1391(b)(3), in that Fairwinds Credit Union is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought].

## CONDITIONS PRECEDENT

5. On March 28, 2019, Kamika Mackey timely filed a charge of age discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC). The EEOC's investigation has closed at the time of filing of this Complaint.

6. On or about July 9, 2019, the EEOC issued Kamika Mackey a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. Kamika Mackey has fully complied with all prerequisites to jurisdiction in this Court under the ADEA.

7. Contemporaneously with the filing of this Complaint, Kamika Mackey has mailed a copy to the Florida Commission on Human Relations, thereby satisfying the notice requirements of Fla. Stat. Ann. § Sections 760.01-760.11 and 509.092.

## PARTIES

8. Kamika Mackey is a 42 year old woman who resides in Orlando. Plaintiff is a citizen of Florida.

9. Kamika Mackey is an employee, as defined by the ADEA and the Florida Civil Rights Act.

10. Fairwinds Credit Union is a financial services corporation formed under the laws of Florida and does business in Orlando. Defendant has a principal place of business of Orlando and is a citizen of Florida. Fair Winds Credit Union's registered agent is Derek Drake, Senior Vice President, and has a registered address of 3087 N. Alafaya Trail, Orlando, Florida.

## FACTS

11. Kamika Mackey began working for Defendant on May 1, 2015 as the Member Service Representative floater servicing many branches. At the time Defendant hired Kamika Mackey, she was 38 years old.

12. Kamika Mackey provides primary member contact for member service, account openings and transactions, effectively communicates information about credit union products, policies and services and procedures to members, manages lobby traffic of the branch, and responsible for new account relationships, loan referrals and services per member objectives.

13. Defendant recognized Kamika Mackey's accomplishments annually through performance reviews throughout her employment, one most recently dated, February 25, 2019.

14. Despite these accomplishments, Kamika Mackey was repeatedly overlooked for promotion. For example, Ms. Mackey was often asked to perform the tasks of another co-employee, which kept her in constrained to the teller line. Ms. Mackey's job responsibilities explicitly placed her in the lobby of the branch interacting with members and potential clients, however, she rarely was allowed to interact with the lobby members.

15. On several occasions, Kamika Mackey inquired with management regarding the delegation of duties and the inconsistency of her required tasks. The other employee at Fairwinds Credit Union who had often been delegated to perform the tasks of Ms. Mackey was the member service manager who and a personal relationship the younger relationship manager.

16. In addition, Edwin Perez Sepulveda marginalized Kamika Mackey while treating all other similarly-situated employees more favorably, a practice inherited from previous management, Aureanette Ortega-Serra.

17. As a result, in 2017 and throughout 2018, Kamika Mackey complained to Edwin Perez Sepluveda about the pattern of discriminatory treatment.

18. Only months after Kamika Mackey complained of age discrimination, Defendant summarily failed to promote Kamika Mackey allegedly because internal applicants outperformed her.  At the time Defendant failed to promote Kamika Mackey, there were no similarly-situated employees who were older than Kamika Mackey.

19. Tellingly, Defendant replaced Kamika Mackey with Kimberly Boyer for the Winter Garden position, a woman  18 years younger than Kamika Mackey, who has less experience in the position than Kamika Mackey and had not been given a first review with the company.  Boyer was hired on January 8, 2018.

20. Defendant replaced Kamika Mackey with Katelyn Thilmony for the Winter Park position, a woman 15 years younger than Kamika Mackey, who has less experienced, and had lower performance ratings than Kamika Mackey.  Thilmony was hired on August 1, 2017.

21. Defendant replaced Kamika Mackey with Evelyn Solorzano for the Corporate Tower position, a woman 16 years younger than Kamika Mackey, who has less experience than Kamika Mackey and whom Ms. Mackey outperformed.  Solorzano was hired September 6, 2016.

22. Attached hereto as **Exhibit A** is a true and correct copy of the company profiles of promoted parties.

23. Attached hereto as **Exhibit B** is a true and correct copy of a communication between Shannon Hill and Kamika Mackey.

24. Attached hereto as **Exhibit C** is a true and correct copy of one of Kamika Mackey's performance reviews from 2015 through 2017.

## COUNT ONE

### DISCRIMINATION BASED ON AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. §§ 12201 ET SEQ.

25. Kamika Mackey repeats and realleges paragraphs 1 through 24 hereof, as if fully set forth herein.

26. Kamika Mackey was 41 years old and qualified for her position when Defendant failed to promote her.

27. Defendant regularly marginalized Kamika Mackey by delegating the tasks of her younger counterparts in an attempt to keep Mackey out of the public view.  For example, Mackey's job description called for her to sit in the lobby of her branch, but she was relegated to tasks that had little to no interaction with the new clients.

28. Immediately after denying advancement to Kamika Mackey, Defendant promoted her younger colleagues Evelyn Solorzano, Katelyn Thilmony and Kimberly Boyer, who are at least 15 years younger than Kamika Mackey, had less experience in than Kamika Mackey and had been outperformed by Kamika Mackey during professional performance reviews.

29. Kamika Mackey suffered damages as a result of Defendant' unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

30. Defendant willfully violated Kamika Mackey's rights under the ADEA and, as a result, is liable for liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for general damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## COUNT TWO

### RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT
### 29 U.SC. §§ 12201 ET SEQ.

31. Kamika Mackey repeats and realleges paragraphs 1 through 30 hereof, as if fully set forth herein.

32. Kamika Mackey was 41 years old and qualified for both her position and the position applied for, when Defendant failed to promote her.

33. In August 2018, Kamika Mackey engaged in protected activity by complaining to Robert Huston about Edwin Perez Sepulveda's discriminatory treatment based on Kamika Mackey's age. Specifically, Kamika Mackey told Robert Huston that Perez Sepulveda favored the younger female employees. Robert Huston responded that he would take Mackey to lunch to discuss her concerns.

34. Only a few weeks after Kamika Mackey complained of age discrimination, Defendant summarily failed to promote Kamika Mackey allegedly because internal applicants outperformed Mackey.

35. Defendant alleged reason for terminating Kamika Mackey's employment is pretextual and baseless. Defendant failed to promote Kamika Mackey because she complained of age discrimination for months from 2017 until 2018.

36. On January 10, 2019, Kamika Mackey was overlooked again, this time by the Winter Park Branch, for the Member Service Manager position, which was given to Katelyn Thilmony who is at least 15 years younger than Kamika Mackey, has less experience in member services than Kamika Mackey and had been with the company for less than 3 years.

37. Kamika Mackey suffered damages as a result of Defendant' unlawful retaliatory actions, including past and future lost wages and benefits and the costs of bringing this action.

38. Defendant willfully violated Kamika Mackey's rights under the ADEA and, as a result, are liable for liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for general damages,

attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## COUNT THREE

**DISCRIMINATION AND RETALIATION BASED ON AGE IN VIOLATION OF THE FLORIDA'S CIVIL RIGHTS ACT'S, FLA. STAT. ANN. § 760.01**

39. Kamika Mackey repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

40. On or about May of 2017, Kamika Mackey became a Member Service Representative III, and the then Member Service Manager, Rebecca Deller, refused to allow Mackey to work in the lobby area to accommodate, despite the job description explicitly citing her primary duties taking place in the lobby.

41. Kamika Mackey further inquired into the divergence from her position description and was then told by the former Assistant Manager, Aureanette Ortega-Serra, that Mackey would work wherever Ortega-Serra asked Ms. Mackey to work.

42. Kamika Mackey was instructed by Ortega-Serra to execute Membership Service Manager tasks while working in the teller line.

43. Kamika Mackey interviewed for the Member Service Manager at the Winter Park Branch by phone on January 10, 2019, which was not customary as most interviews are performed in person.

44. Kamika Mackey was called the following day from the hiring manager of the Winter Park branch advising they had gone with another applicant.

45. On or around January 31, 2019, Kamika Mackey interviewed for the Member Service Manager position again at the Corporate Tower Branch.

46. Prior to January of 2019, Kamika Mackey did not have any performance issues; however, shortly after her interview, Shannon Hill, the Relationship Manager, contacted Aureanette Ortega-Serra, the former Assistant Manager of Fairwinds Credit Union, inquiring into Ms. Mackey's work product and performance under Ortega-Serra's tenure.

47. Prior to this contact, none of Kamika Mackey's previous supervisors criticized her work product or performance.

48. On or about February 8, 2019, Ms. Hill contacted Kamika Mackey in a hostile manner advising that she was not being considered for the Member Service Manager at the Corporate Tower Branch.

49. In both instances, the applicants offered the position were much younger and had much less experience with Fairwinds. In both instances, the applicants offered the position were much younger and had much less experience with Fairwinds.

50. Kamika Mackey's employment and possibility for advancement opportunities were adversely affected by the discriminatory practices of Defendant, which were a direct response to Ms. Mackey's reports of disparities and disproportionate treatment based on her age.

**WHEREFORE**, Plaintiff demands judgment against Defendant for general damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:
- A. Accept jurisdiction over this matter;
- B. Award Plaintiff for her past and future loss of wages and benefits, plus interest;
- C. Order Defendant to reinstate Plaintiff to a position comparable to one of the positions she was overlooked for or, in lieu of reinstatement, award her front pay (including benefits);

D. Award to Plaintiff liquidated damages incurred in connection with this action;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

G. Pain and suffering due to anxiety and lowered self-esteem.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: 10/7/2019

Respectfully submitted,
ALLEN & DAWSON, PLLC.
189 South Orange Avenue,
Suite 1530-B
Orlando, Florida 32801
(407) 986-2092
E-mail Address: rasheed@allen-dawson.com
Secondary E-mail: shonta@allen-dawson.com

*Rasheed Karim Allen*
Rasheed Karim Allen, Esq.
Florida Bar No: 88525
Attorneys for PLAINTIFF

**EXHIBIT A**

**EXHIBIT B**

DocuSign Envelope ID: B84C985D-4C8F-4309-91EC-9232425625E5

**EXHIBIT C**