## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**KAMIKA MACKEY,**

    **Plaintiff,**

**v.**              **Case No:   6:19-cv-1921-Orl-31EJK**

**FAIRWINDS CREDIT UNION,**

    **Defendant.**

_____/

### ORDER

On May 26, 2020, the Court, *sua sponte*, issued an Order To Show Cause as to why Attorney Rasheed Karim Allen should not be personally sanctioned for intentionally misrepresenting to the Court that he had complied with Local Rule 3.01(g). (Doc. 41.) Mr. Allen responded in writing on May 27, 2020. (Doc. 42.) The Court held a show-cause hearing on June 11, 2020, to provide Mr. Allen with an opportunity to be heard on the issue. Upon consideration, the Court hereby issues a written admonishment to Mr. Allen and refers this matter to the Court's Grievance Committee.

### I. BACKGROUND

On May 14, 2020, Plaintiff, represented by Mr. Allen, filed a motion to compel. (Doc. 30.) In that motion, Mr. Allen provided the following Local Rule 3.01(g) certification:

> Plaintiff's counsel conferred with Defendant's counsel on several occasions via email. Furthermore, Plaintiff's counsel conferred with Defendant's counsel via telephone calls on March 24th and April 27th to obtain the outstanding discovery responses and Defendant has failed to provide the requested responses discovery [sic] and responsive documents.

(*Id.* at 26.) In response to the motion to compel, Defendant noted that both of the calls referenced in Mr. Allen's certification were in connection with motions to compel that *Defendant* intended to file, and the discovery responses referenced in Plaintiff's motion to compel had not been produced and were not even due at the time of the referenced calls. (Doc. 32 at 2–3.)

At the hearing on Defendant's motion to compel, the Court inquired of Mr. Allen as to the exact timing of the referenced calls in relation to his receipt of the complained-of discovery responses. His responses made clear that, despite his certification to the contrary, there was no attempt to discuss the subject matter of his motion to compel with opposing counsel prior to his filing the motion. Consequently, the Court issued an Order To Show Cause (Doc. 41), and Mr. Allen's response was as follows: First, the admitted misrepresentation was "clarified" at the hearing on May 20, 2020. (Doc. 42.) Second, there have been other instances in which attorneys were not sanctioned for failures to comply with Local Rule 3.01(g). (*Id.*) At the hearing on the Court's Order To Show Cause, Mr. Allen relied upon his written response.

## II.     STANDARD

In considering whether and to what extent Mr. Allen should be sanctioned for violating the Court's Local Rules, the Court draws upon two sources of authority: First, the Local Rules themselves provide: "Any member of the bar of this Court, admitted generally under Rule 2.01 or specially under Rule 2.02, may, after hearing and for good cause shown, be disbarred, suspended, reprimanded or subjected to such other discipline as the Court may deem proper." Local Rule 2.04(a); *see also In re ADA Cases*, No. 6:18-mc-14-Orl-31DCI, 2018 U.S. Dist. LEXIS 223146 (M.D. Fla. Nov. 13, 2018), *report and recommendation adopted*, *e.g.*, 2019 U.S. Dist. LEXIS 46418 (2019). Second, as the Eleventh Circuit has explained:

> Courts possess the inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal. The inherent power of a court to manage its affairs necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it. A trial court possesses the inherent power to discipline counsel for misconduct, short of behavior giving rise to disbarment or criminal censure, without resort to the powers of civil or criminal contempt.

*Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1209 (11th Cir. 1985) (internal citations and quotation marks omitted). "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). "When considering sanctions under the court's inherent power, the threshold of bad faith conduct is at least as high as the threshold of bad faith conduct for sanctions under [28 U.S.C.] § 1927." *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) (internal quotation marks omitted).

In the context of § 1927, "bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct. The . . . district court must compare the attorney's conduct against the conduct of a reasonable attorney and make a judgment about whether the conduct was acceptable according to some objective standard." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239–40 (11th Cir. 2006) (internal quotation marks omitted). "Thus, an attorney's conduct must be particularly egregious to warrant the imposition of sanctions -- the attorney must <u>knowingly</u> or <u>recklessly</u> pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim." *Id.* at 1242 (emphasis in original).

## III.   DISCUSSION

Mr. Allen admits that he made a misrepresentation to the Court in his Local Rule 3.01(g) certification. (Doc. 42 ¶¶ 17, 57.) The certification states: "Plaintiff's counsel conferred with Defendant's counsel via telephone calls on March 24th and April 27th to obtain the outstanding discovery responses and Defendant has failed to provide the requested responses discovery [sic]

and responsive documents." (Doc. 30 at 26.) A plain reading of the certification would lead one to conclude that Mr. Allen spoke with opposing counsel on two separate occasions about the matters raised in the motion to compel, but the parties were not able to reach a mutually agreeable resolution of the issues. That plain reading was how defense counsel viewed the certification—hence her response—and it is the Court's as well.

Even construing the certification in the light most favorable to Mr. Allen, it would state, at most: "Plaintiff's counsel conferred with Defendant's counsel via telephone calls on March 24th and April 27th to obtain the outstanding discovery responses [that were not yet due] and [following those discussions and the response deadline,] Defendant has failed to provide [all of] the requested responses discovery [sic] and responsive documents[, but the parties have had no further discussions]." Given the purpose of Local Rule 3.01(g)—for the parties to discuss and attempt to resolve the matters the movant intends to raise in the motion—and in light of Mr. Allen's knowledge of that requirement, as discussed below, the Court declines to adopt the second, strained reading of the certification. And such a reading would still be in violation of the Rule.

The Court's consideration of whether bad faith exists for Mr. Allen's misrepresentation is informed by Mr. Allen's conduct in this case and in other cases before this Court prior to his filing the motion to compel:

1. In the present case, on April 3, 2020, the Court highlighted the requirements of Local Rule 3.01(g) after Defendant filed a motion (Doc. 23) stating that Mr. Allen did not make himself available to meet and confer. (Doc. 24.)

2. Case No. 6:19-cv-1215-Orl-78DCI: On December 17, 2019, the Court adopted a report and recommendation to grant the defendant's motion to dismiss after the plaintiff, represented by Mr. Allen, failed to respond. (Docs. 32, 41.) Prior to the district judge's adoption of the report and recommendation, the plaintiff filed a "motion for relief" pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 35.) The Court denied the motion, noting that no judgment had actually issued at the time. (Doc. 40.)

3.  Case No. 6:19-cv-1216-Orl-41GJK: On September 16, 2019, the plaintiff, represented by Mr. Allen, filed a motion for leave to file an amended complaint. (Doc. 17.) The motion was denied for failure to comply with Local Rules 3.01(a) and 3.01(g). (Doc. 18.)

    a.  On September 26, 2019, an order to show cause was issued to the parties for failure to file a case management report. (Doc. 20.) In the plaintiff's response, Mr. Allen states that "the deadline was missed through inadvertence." (Doc. 24 ¶ 13.)

    b.  On November 15, 2019, the plaintiff filed a motion for leave to file a second amended complaint. (Doc. 32.) Once again, the motion was denied for failure to comply with Local Rules 3.01(a) and 3.01(g). (Doc. 33.)

    c.  On November 27, 2019, a defendant filed a motion to compel against the plaintiff. (Doc. 34.) The plaintiff failed to respond, and on December 12, 2019, the Court granted the motion and awarded attorney's fees and costs, finding: "(1) Plaintiff has violated the Federal Rules of Civil Procedure; (2) Plaintiff has failed to fulfill her discovery obligations to Defendant; (3) Defendant's motion to compel discovery is unopposed; (4) Plaintiff was given an opportunity to respond to Defendant's request for attorney's fees and costs and did not respond; and (5) none of the exceptions in Rule 37(a)(5)(A)(i)-(iii) apply." (Doc. 35 at 3.)

    d.  On December 12, 2019, the plaintiff filed a motion for relief from judgment, blaming the failure to respond to the motion to compel primarily on an "unexpected staffing change." (Doc. 36.) The Court's order (Doc. 41) highlights several recurring themes with regard to Mr. Allen:

        i.  "Plaintiff argues that she is entitled to relief because on October 30, 2019, her lawyer 'had an unexpected staffing change,' which 'resulted in certain deadlines being missed on all cases assigned to such staff' (Doc. 36, ¶¶ 7-8). The Court doesn't understand what this has to do with Plaintiff's failure to timely serve her response to the motion to compel. Nor does the Court understand what this has to do with Plaintiff's failure to timely serve her initial disclosures and responses to Defendant's discovery, or to serve them by the November 27, 2019 deadline agreed to by Defendant. Plaintiff's argument is also contradicted by her lawyer's email stating without equivocation '[w]e can provide by Wednesday of next week' made in reference to the Rule 26 disclosures." (internal citation omitted)

        ii.  "The motion omits information required to prevent it from being misleading. Plaintiff states that she 'has served Defendant with initial disclosures, responses to interrogatories and produced the information requested by Defendant' (Doc. 36, ¶ 5). What Plaintiff fails to tell the

reader is that this all occurred **after** the entry of the Order granting the motion to compel (Doc. 39 at 1)." (Emphasis in original.)

    iii.  "Lastly, Plaintiff alleges that defense counsel failed to comply with Local Rule 3.01(g) before the motion to compel was filed (Doc. 36, ¶¶ 13-15). But, Plaintiff does not dispute defense counsels' representations that they contacted Plaintiff's lawyer by 'email on November 14, 2019, regarding Plaintiff's Initial Rule 26 Disclosures and via email and telephone on November 20, 2019, regarding both Plaintiff's Initial Rule 26 Disclosures and responses to the Discovery Requests' (Doc. 34 at 4). It also appears from the email provided by Defendant that Plaintiff's lawyer has been generally non-responsive in the case." (Internal citation omitted.)

e.  On December 12, 2019, the plaintiff also filed an amended motion for leave to file a second amended complaint. (Doc. 38.) As with the prior two attempts, the motion was denied for failure to comply with Local Rule 3.01(a). (Doc. 40.)

f.  On January 22, 2020, the Court granted in part and denied in part a defendant's motion to dismiss the plaintiff's first amended complaint. (Doc. 45.) The Court noted that the plaintiff failed to respond to the motion. (*Id.* at 2, 3–4.)

g.  On February 20, 2020, a defendant filed another motion to compel against the plaintiff. (Doc. 48.) On March 25, 2020, the Court granted the motion in part and denied it in part. (Doc. 55.) The Court's Order, tellingly, begins with: "'What we've got here is a failure to communicate.'" (*Id.* at 1 (citation omitted).) The Order then details the breakdown in communication between the attorneys and provides guidance on Local Rule 3.01(g).

h.  On February 21, 2020, a defendant filed a motion for sanctions against Mr. Allen personally, as well as his law firm. (Doc. 49.) On April 8, 2020, the magistrate judge recommended that sanctions be denied: "The Court could find that Plaintiff's lawyer acted negligently, but the record does not support a finding that he acted recklessly or that his conduct was tantamount to bad faith." (Doc. 58 at 5.) The district judge subsequently adopted the report and recommendations. (Doc. 61.)

4.  Case No 6:19-cv-1325-Orl-40DCI: On August 16, 2019, the Court issued an order to show cause as to the plaintiff, represented by Mr. Allen, regarding his failure to comply with the Court's Related Case Order and Interested Persons Order. (Doc. 10.) The plaintiff responded that the failure to comply "was a result of inadvertence of Plaintiff's counsel." (Doc. 13.) The order was subsequently discharged. (Doc. 14.)

a.  On January 23, 2020, the defendant filed a motion to compel discovery from the plaintiff. (Doc. 22.) The Court denied the motion to compel both because "[i]t does not appear that counsel ever conferred in person or by telephone in a

good faith effort to resolve the issues raised in the Motion," and because the plaintiff belatedly produced the discovery following the filing of the motion. (Doc. 24.) The Court specifically set forth the requirements for Local Rule 3.01(g) and noted that the case "exemplifies the need for such a conferral." (*Id.*)

b. On March 4, 2020, the defendant filed another motion to compel. (Doc. 27.) On March 18, 2020—*after* the Court had previously stricken the filing in Case No. 6:19-cv-1797 for failure to follow the formatting requirements of the Local Rules— the plaintiff filed another response that did not follow the formatting requirements, and the Court issued a caution. (Doc. 33.)[1] The Court ultimately granted the motion because "Plaintiff conceded that timely responses were not made to any of the discovery at issue," though the Court declined to award sanctions. (Doc. 36.)

c. On April 30, 2020, the defendant filed another motion to compel. (Doc. 38.) The Local Rule 3.01(g) certificate notes several attempts to confer with plaintiff, to no avail. (*Id.* at 21.) On May 1, 2020, the Court denied the motion without prejudice for failure to comply with Local Rule 3.01(g), and directed the following: "Plaintiff's counsel shall contact Defendant's counsel and confer in good faith via telephone concerning the discovery matters identified in the Motion, sanctions will follow a further failure by Plaintiff's counsel to confer in good faith via telephone." (Doc. 39.)

5. Case No. 6:19-cv-1351-Orl-41EJK: On April 30, 2020, in another case before the undersigned, the Court ordered the plaintiff, represented by Mr. Allen, to pay the fees and costs incurred by the defendant in filing a motion to compel "given the unreasonable delay in Plaintiff responding to the discovery requests." (Doc. 47 at 2.) Moreover, following the filing of another motion to compel, the defendant was directed to supplement its Local Rule 3.01(g) certification with the position of the plaintiff. (Doc. 50.) The response detailed multiple efforts to contact Mr. Allen to meet and confer, to no avail. (Doc. 51.)

6. Case No. 6:19-cv-1797-Orl-78LRH: On February 10, 2020, the defendant filed a motion to compel against the plaintiff, represented by Mr. Allen. (Doc. 26.) The Local Rule 3.01(g) certificate detailed the difficulties counsel for the defendant had while trying to meet and confer with Mr. Allen. (*Id.* at 10–11.) The plaintiff's response (Doc. 27) was stricken because it did not comply with the formatting requirements of the Local Rules. (Doc. 28.) Ultimately, the motion to compel was withdrawn after the plaintiff belatedly served responses to the discovery requests after the motion to compel was filed. (Doc. 29.)

---

[1] It is worth noting that the motion to compel at issue in the present case (Doc. 30) also violated the Court's rule on page limits. *See* Local Rule 3.01(a).

7. Case No. 6:19-cv-2255-Orl-28GJK: On March 11, 2020, an order to show cause was issued against the plaintiff, represented by Mr. Allen, as to why the case should not be dismissed for failure to serve the Defendant. (Doc. 14.)

8. Case No. 6:19-cv-2298-Orl-28LRH: On March 11, 2020, an order to show cause was issued against the plaintiff, represented by Mr. Allen, as to why the case should not be dismissed for failure to serve the Defendant. (Doc. 12.)

9. Case No. 20-cv-215-Orl-31EJK: On March 3, 2020, the Court issued an order to show cause against the plaintiff, represented by Mr. Allen, for failure to respond to the Related Case Order and Interested Persons Order. (Doc. 7.) On March 17, 2020, plaintiff responded, once again citing "inadvertence of Plaintiff's counsel." (Doc. 10.)

10. Case No. 6:20-cv-269-Orl-41LRH: On March 5, 2020, an order to show cause was issued as to plaintiff, represented by Mr. Allen, for failure to prosecute. (Doc. 11.) The order was subsequently discharged after plaintiff responded. (Doc. 16.)

11. Case No. 8:19-cv-2305-T-60AAS: On March 31, 2020, the Court noted that the plaintiff, represented by Mr. Allen, filed an untimely amended complaint without leave to amend. (Doc. 27.) Nevertheless, the Court accepted the amended complaint "in the interest of judicial economy." (*Id.*)

These cases demonstrate that, prior to filing the false certification at issue, Mr. Allen had been instructed on numerous occasions regarding the importance of the Local Rules, and in particular, Local Rule 3.01(g). In case after case, Mr. Allen has sought to excuse his failures to abide by the Local Rules and the Federal Rules of Civil Procedure as "inadvertence." But at some point, continuing "inadvertence" after multiple warnings concerning past inadvertence gives rise to an intent to disobey the rules, or at the very least, exhibits a reckless disregard for the rules. "[O]bjectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently." *Amlong & Amlong*, 500 F.3d at 1241.

Yet in this case, Mr. Allen went far beyond "inadvertence." Perhaps because of the past warnings to obey the Local Rules, he knew that he needed to meet and confer. He stated that he did meet and confer. He gave specific dates on which he supposedly met and conferred. Yet, in fact, no conferral as to the issues raised in his motion to compel ever occurred. Given Mr. Allen's

notice as to the meaning of Local Rule 3.01(g) and his affirmative representation that he had met the requirements of that Rule, the only conclusion that the Court can reach is that Mr. Allen knowingly and intentionally misrepresented his compliance with Local Rule 3.01(g).

Mr. Allen has presented the Court with no compelling justification for his misrepresentation. His first argument is that he "clarified the nature of the calls at the May 20, 2020 hearing." (Doc. 42 ¶ 11.) Getting caught and then admitting it does not excuse the original act.

Second, Mr. Allen says that he should have been provided a twenty-one-day period within which to withdraw the filing, pursuant to Federal Rule of Civil Procedure 11. (*Id.* ¶¶ 19–30.) The Court is not proceeding pursuant to Rule 11. Regardless, counsel for Defendant stated that she notified Mr. Allen of the misrepresentation on May 14, 2020, and Mr. Allen did not respond prior to her filing on May 18, 2020. (Doc. 32 ¶¶ 5–6.) While he might not have received twenty-one days to withdraw his motion, the Court finds that Mr. Allen had sufficient time in which to correct it.

Finally, Mr. Allen spends the remainder of his response comparing his misrepresentation with other instances in which the Court has found Local Rule 3.01(g) violations, but declined to sanction the attorneys at issue. (Doc. 42 ¶¶ 32–37.) The primary difference between those instances and the present one is that Mr. Allen intentionally misrepresented that he met and conferred with opposing counsel, when no such conferral occurred. It was not that Mr. Allen was vague about his efforts or that the efforts he set forth were insufficient. That would not warrant sanctions at this juncture. Instead, Mr. Allen provided specific dates on which conferrals supposedly occurred, but the conferrals simply did not take place.

## IV.    CONCLUSION

Against this backdrop, sanctions are appropriate. The Court will issue a written admonishment to Mr. Allen and refer this matter to the Court's Grievance Committee. Notably, this is not the first time a court has sanctioned Mr. Allen for his conduct as an attorney. On October 10, 2019, the Supreme Court of Florida issued a public reprimand to Mr. Allen based on his lack of diligence in representing clients. *The Florida Bar v. Rasheed Karim Allen*, Case No. SC18-2110 (Fla. October 10, 2019). That reprimand, which preceded all but two of the instances listed above, makes Mr. Allen's subsequent conduct even more egregious.

In consideration of the foregoing, Rasheed Karim Allen is hereby **ADMONISHED** to follow the Federal Rules of Civil Procedure, the Middle District of Florida Local Rules, and the orders of this Court. Moreover, this matter is **REFERRED** to the Grievance Committee for the Middle District of Florida, Orlando Division, for such actions as that Committee deems appropriate.

**DONE** and **ORDERED** in Orlando, Florida on June 16, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Chairperson, Grievance Committee for the Middle District of Florida, Orlando Division
The Florida Bar