**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re RASHEED KARIM ALLEN,

        Case No. 6:19-cv-1921-Orl-31EJK

    Respondent.
_____/

**REPORT AND RECOMMENDATION OF THE GRIEVANCE COMMITTEE**

Pursuant to U.S. Magistrate Judge Embry J. Kidd's Order dated June 16, 2020 (the "Referral Order") on the matter of attorney Rasheed Karim Allen's ("Respondent") conduct, the Grievance Committee of the U.S. District Court for the Middle District of Florida, Orlando Division (the "Committee" and the "Middle District of Florida," respectively) reports and recommends as follows:

**BACKGROUND**

**I.**     **Respondent's Practice Before the Middle District of Florida**

Respondent has been member of the Florida Bar since April 14, 2011. During that time period, Respondent has appeared in twenty-two cases in Middle District of Florida, with eleven of those cases remaining open. A chart reflecting the case number, case name, and current status of each case in which Respondent as appeared is attached hereto as Exhibit A.

**II.**     **The *Mackey* Case**

The main conduct at issue relates to the case of *Mackey v. Fairwinds Credit Union*, No. 6:19-cv-1921-Orl-31EJK. On April 3, 2020, the Defendant filed a motion (Doc. 23) seeking an extension of time to respond to discovery propounded by Respondent's client, the Plaintiff. In the motion, Defendant's counsel stated that she had attempted to confer with Respondent by telephone or email on March 30, April 1, April 2, and April 3, but did not

receive a response, and thus was unable to confer with Respondent, as required by the Local Rules, to determine if Plaintiff consented to the relief requested prior to filing the motion. The same day, the Court entered an order (Doc. 24) requiring Respondent to meet and confer with Defendant's counsel on or by April 6, 2020, and advising both parties that they were "expected to meet and confer in good faith, and promptly after being contacted by opposing counsel" and that failure to do so "may result in the imposition of sanctions against the offending party." Thereafter, Respondent consented to the relief requested in the motion, Defendant filed a statement advising the Court of the same (Doc. 25), and the Court entered an order (Doc. 26) granting Defendant's motion and extending Defendant's deadline to respond to Plaintiff's outstanding discovery to April 27, 2020.

On May 13, 2020, Defendant filed a renewed motion to compel (Doc. 27) seeking entry of an order requiring Plaintiff to more fully respond to Defendant's interrogatories to Plaintiff and to produce documents responsive to Defendant's request for production to Plaintiff. The same day, the Court scheduled the Renewed Motion to Compel for hearing on May 20, 2020.

The next day, May 14, 2020, Respondent filed a motion to compel (Doc. 30) seeking entry of an order requiring Defendant to provide more complete written answers to Plaintiff's interrogatories and produce responsive documents in response to Plaintiff's request for production. Plaintiff's motion stated that on March 24, 2020, "the undersigned had a call with counsel for Defendant to confer in [sic] discovery requests" and that "on April 27, 2020, the undersigned had another call with counsel for Defendant to confer on the discovery requests." (*Id.* ¶¶ 3–4.) Additionally, the motion contained a Certificate of Good Faith Conference, as

required by the Local Rules, stating that Respondent conferred with Defendant's counsel via telephone on March 24 and April 27:

> Plaintiff's counsel conferred with Defendant's counsel via telephone calls on March 24th and April 27th to obtain the outstanding discovery responses and Defendant has failed to provide the requested responses [sic] discovery and responsive documents.

The Court scheduled a hearing on Plaintiff's motion at the same date and time as Defendant's motion (May 20, 2020). (Doc. 31.)

On May 18, 2020, Defendant filed a response (Doc. 32) stating that Plaintiff did not, in fact, confer with Defendant's counsel on the issues raised in Plaintiff's motion to compel, and Respondent's representation to the Court was false. Defendant's response states that the telephone calls that occurred on March 24 and April 27 were scheduled by Defendant's counsel for the purpose of discussing Plaintiff's allegedly deficient discovery responses and that Defendant's discovery responses were not served until after the April 27 telephone call.

At the May 20, 2020 hearing, the Court asked Respondent about the exact timing and content of the referenced calls:

> THE COURT: So when did you discuss the fact that you believe the [Defendant's discovery] responses were insufficient?
>
> MR. ALLEN: Well, during [the April 27] call we had talked about other issues but also came back to the outstanding documents. And I had not received the interrogatories as of yet.
>
> But in terms of the documents, there was no documents provided and that I had a chance to actually review the responses as well as the responses to the requests to produce.
>
> THE COURT: That was after the 27th, right? You said you received the responses on the 27th.
>
> MR. ALLEN: Yes.

> THE COURT: Did you then discuss with your opposing counsel the deficiencies that you – I believe that you've identified in the discovery responses after you received them?
>
> MR. ALLEN: Not a follow-up call, Your Honor, no.

(Transcript of May 20, 2020 Hearing ("Transcript") at 15:14-16:6.)

Thereafter, the Court issued an Order to Show Cause (Doc. 41) directing Respondent to "show cause in writing why he should not be sanctioned for intentionally misrepresenting to the Court in his certification in Doc. 30 that he has complied with Local Rule 3.01(g)." Respondent replied stating that the admitted misrepresentation was "clarified" at the hearing and there have been other instances where attorneys were not sanctioned for failing to comply with Rule 3.01(g) (Doc. 42). At the June 11, 2020 hearing on the Court's Order to Show Cause, Respondent relied upon his written response.

On June 16, 2020, the Court issued its Order admonishing Respondent to and referred the matter to this Committee. (Doc. 45.) As set forth in the Court's Order, this is not the first time that Respondent has been sanctioned for his conduct as an attorney. On October 10, 2019, the Supreme Court of Florida issued a public reprimand to Respondent based on his lack of diligence in representing his clients. *See The Florida Bar v. Rasheed Karim Allen*, No. SC18-2110 (Fla. Oct. 10, 2019). In the Order, the Court identified many other instances of neglect and misconduct by Respondent, which have been included below to provide background and context for the Grievance Committee's recommendation.

### III. Issues Involving Respondent in Other Middle District of Florida Cases

It is Respondent's conduct in the *Mackey* case that caused the Committee the most concern. But as set forth below, Respondent has a pattern of conduct of failing to know or follow the Federal Rules of Civil Procedure and Local Rules, which also concerns the Committee.

#### A. The Muller Case

In the case of *Muller v. Lake Forest Family Dentistry*, No. 6:19-cv-1215-Orl-WWB-DCI, the District Judge adopted a report and recommendation to dismiss the case after Respondent failed to respond to the motion to dismiss (Docs. 32, 41). Prior to the District Judge's adoption of the report and recommendation, Respondent filed a "motion for relief" under Fed. R. Civ. P. 60(b). (Doc. 35.) The Court denied the motion, noting that no judgment had actually issued at the time. (Doc. 40.)

#### B. The Spoerer Case

In the case of *Spoerer v. King,* No. 6:19-cv-1216-Orl-41GJK, in front of Magistrate Judge Gregory J. Kelly, Respondent filed a motion for leave to file a first amended complaint (Doc. 17), but the motion was denied for failure to comply with Local Rules 3.01(a) and 3.01(g).

In this same case, an Order to Show Cause was issued on September 26, 2019, due to the failure to file a case management report (Doc. 20), and Respondent stated in his response that "the deadline was missed through inadvertence." (Doc. 24.)

On November 15, 2019, Respondent filed a motion for leave to file a second amended complaint (Doc. 32) and once again failed to comply with Local Rules 3.01(a) and 3.01(g). (Doc. 33.)

On November 27, 2019, the defendant filed a motion to compel (Doc. 34) against Respondent, and Respondent failed to respond. As a result, on December 12, 2019, the Court granted the motion and awarded attorney's fees and costs, finding that: (1) Respondent violated the Federal Rules of Civil Procedure; (2) Respondent failed to fulfill discovery obligations; (3) the motion to compel was deemed unopposed; (4) Respondent was given an opportunity to respond to Defendant's request for attorney's fees and costs and failed to do so; and (5) none of the exceptions in Rule 37(a)(5)(A)(i)-(iii) applied. (Doc. 35, p. 3.)

On December 12, 2019, Respondent filed a motion for relief from judgment, blaming his failure to respond on an "unexpected staffing change." (Doc. 36.) The Court's Order (Doc. 41) highlights several recurring themes with regard to Respondent's conduct, namely, that he blamed a lot of his mishaps on "unexpected staffing changes," he has made misrepresentations and/or omissions that are misleading in his motions, and he has been non-responsive to opposing counsel and failed to comply with Local Rule 3.01(g) on multiple occasions.

On December 12, 2019, Respondent filed an amended motion for leave to file a second amended complaint (Doc. 38). As with the prior two attempts, the motion was denied for failure to comply with Local Rule 3.01(a). (Doc. 40.)

On January 22, 2020, the Court granted in part and denied in part a defendant's motion to dismiss the plaintiff's first amended complaint. (Doc. 45). The court noted that the plaintiff failed to respond to the motion. (*Id.* at 2, 3–4.)

On February 20, 2020, a defendant filed another motion to compel against the plaintiff. (Doc. 48.) On March 25, 2020, the Court granted the motion in part and denied it in part. (Doc. 55.) The Court's Order noted Respondent's "failure to communicate." (*Id.*) The Order then details the breakdown in communication between the attorneys and provides guidance on Local Rule 3.01(g). (*Id.*)

On February 21, 2020, a defendant filed a motion for sanctions against Respondent personally, as well as his law firm. (Doc. 49.) On April 8, 2020, the Magistrate Judge recommended that sanctions be denied: "*The Court could find that Plaintiff's lawyer acted negligently*, but the record does not support a finding that he acted recklessly or that his conduct was tantamount to bad faith." (Doc. 58, p. 5 (emphasis added).)

    **C.**  **The Dunn Case**

In the case of *Dunn v. Raytheon Co.*, No. 6:19-cv-1325-Orl-40DCI, Respondent's concerning conduct was also present. On August 16, 2019, the Court issued a show cause order for Respondent to show cause regarding his failure to comply with the Court's Related Case Order and Interested Persons Order. (Doc. 10.) Respondent stated that the failure was "a result of inadvertence of Plaintiff's counsel." (Doc. 13.) The order was subsequently discharged. (Doc. 14.)

On January 23, 2020, the defendant filed a motion to compel discovery from Respondent (Doc. 22). The Court denied the motion to compel because it did not appear that

7

counsel had conferred in person or over the phone in a good-faith effort to resolve the issues raised in the motion and because the plaintiff belatedly produced the discovery following the filing of the motion. (Doc. 24.) The Court specifically set forth the requirements of Rule 3.01(g) and noted that the case "exemplifies the need for such a conferral." (*Id.*)

On March 4, 2020, the defendant filed another motion to compel. (Doc. 27.) Respondent filed an opposition, which was stricken for failing to follow the formatting requirements of the Local Rules. The Court then granted the motion because Respondent conceded that timely responses were not made to any of the discovery at issue. (Doc. 36.)

On April 30, 2020, the defendant filed another motion to compel. (Doc. 38.) The Local Rule 3.01(g) certificate noted that several attempts were made to confer, to no avail. (*Id.* at 21.) On May 1, 2020, the Court denied the motion without prejudice for failure to comply with Local Rule 3.01(g), and the Court directed Respondent to contact Defendant's counsel and confer in good faith via telephone concerning the discovery matters raised in the motion or noted that sanctions would follow. (Doc. 39.)

### D.     The Willis Case

In the case of *Willis v. Raytheon Co.*, No. 6:19-cv-1351-Orl-41EJK, Respondent was required to pay the fees and costs incurred by the defendant in filing a motion to compel "given the unreasonable delay in Plaintiff responding to the discovery requests." (Doc. 47, p. 2.) Moreover, following the filing of another motion to compel, the 3.01(g) certification detailed multiple efforts to contact Respondent, to no avail. (Doc. 51.)

### E. The McFall Case

In the case of *McFall v. Charter Communications Inc.*, No. 6:19-cv-1797-Orl-78LRH, on February 10, 2020, the defendant filed a motion to compel against Respondent. (Doc. 26.) The Rule 3.01(g) certificate detailed the difficulties that counsel for the defendant was having in trying to meet and confer with Respondent. (*Id.* at 10–11.) Respondent's response (Doc. 27) was stricken because it again did not comply with the formatting requirements of the Local Rules. (Doc. 28.) Ultimately, the motion to compel was withdrawn after the Respondent again belatedly served responses to the discovery requests after the motion to compel was filed. (Doc. 29.)

### F. The Knezevic Case

In the case of *Knezevic v. Health Plan One, Inc.*, No. 6:19-cv-2255-Orl-28GJK, an Order to Show Cause was issued against Respondent as to why the case should not be dismissed for failure to serve the Defendant. (Doc. 14.)

### G. The Perez Case

In the case of *Perez, Jr. v. Orange County, Florida*, No. 6:19-cv-2298-Orl-28LRH, an Order to Show Cause was issued against Respondent as to why the case should not be dismissed for failure to serve the Defendant.

### H. The Aragon-Duque Case

In the case of *Aragon-Duque v. Florida Department of Education Vocational Rehabilitation Office*, No. 6:20-cv-215-Orl-31EJK, the Court issued a Show Cause Order against the Respondent for failure to respond to the Related Case Order and Interested Persons

Order. (Doc. 7.) On March 17, 2020, Respondent responded once again citing to "inadvertence of Plaintiff's counsel." (Doc. 10.)

### I. The England Case

In the case of *England v. Midwest Transportation, Inc.*, No. 6:20-cv-269-Orl-41LRH, an Order to Show Cause was issued against Respondent for failure to prosecute. (Doc. 11.) The Order was later discharged after Respondent responded. (Doc. 16.)

### J. The Aburand Case

In the case of *Jairo Aburand v. Haines City, Florida*, No. 8:19-cv-2305-T-60AAS, the Court noted that Respondent filed an untimely amended complaint without seeking leave to amend. (Doc. 27.) Nevertheless, the Court accepted the amended complaint "in the interest of judicial economy." (*Id.*)

## STANDARDS

Rule 4-1.3 of the Florida Rules of Professional Conduct requires that: "A lawyer shall act with reasonable diligence and promptness in representing a client." The comments to that Rule provide: "A lawyer's workload must be controlled so that each matter can be handled competently."

Rule 4-3.2 requires that: "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." The comments provide: "Dilatory practices bring the administration of justice into disrepute."

Rule 4-3.3 requires that: "A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by a lawyer . . . ."

## RECOMMENDATION

The Committee's investigation included a review of: (i) the Referral Order; (ii) the dockets of each of the cases identified above; (iii) the transcript from the May 20, 2020 hearing in the *Mackey* case; (iv) an August 18, 2020 letter from Respondent's attorney, Ari C. Shapiro, to the Committee ("Respondent's Letter"), in response to a letter from the Committee seeking Respondent's responses to the Referral Order; and (v) dockets of other cases involving Respondent.

As an initial matter, the Committee finds that Respondent's conduct has evidenced a pattern of failing to comply with the Federal Rules of Civil Procedure and the Local Rules. Respondent was (or should have been) aware of the importance of complying with the Local Rules because Respondent had multiple motions denied for failure to comply with the Local Rules, including Local Rule 3.01(g) (requiring parties to confer in a good faith effort to result the issues raised by the motion), on several occasions and in different cases. As stated by Magistrate Judge Kidd during the May 20, 2020 hearing in the *Mackey* case, there is a serious concern about a "pattern that has become very obvious in these cases in which in over two-thirds of [Respondent's] cases [Respondent has] either had a motion to compel decided against [Respondent], [Respondent] had orders to show cause issued against [him], [or] Respondent had sanctions that have been issued, all related to these discovery issues."

While Respondent's repeated technical violations of the applicable rules is undoubtedly concerning, the Committee finds that Respondent's conduct in the *Mackey* case was significantly more egregious. Evidently aware of the need for a certification that a good-faith conference took place in order to comply with Local Rule 3.01(g), Respondent falsely stated

that two such good-faith conferences had taken place—when they indeed had not. Both calls referenced by Respondent occurred *before* Respondent received Defendant's discovery responses, and it is now undisputed that the substance of Defendant's responses *was not* discussed on the calls in compliance with the requirements. As such, Respondent's certification to the Court that he undertook the necessary meet-and-confer on the substance of the motion was clearly false. Additionally, when confronted with his misstatement at the May 20, 2020 hearing, the Committee finds that Respondent's answers to the Court were unclear and confusing and did not absolve Respondent of responsibility.

The Committee also finds the timing of Respondent's motion to be concerning. Respondent filed his motion to compel almost immediately after the Plaintiff filed a motion to compel and before the imminent hearing on Plaintiff's motion. After the Court received Plaintiff's competing motion to compel, the Court predictably scheduled a hearing on Plaintiff's motion for the same date and time as Defendant's motion. Given these circumstances, it is plausible that Respondent sought to obtain an improper litigation advantage by filing an offensive motion that would be considered by the Court at the May 20, 2020 hearing without going through the necessary 3.01(g) hoops. Regardless, what is clear is that Respondent filed the motion with a misleading and inaccurate certification of counsel. In essence, he misrepresented himself to the Court.

Respondent's Letter states that by late 2019, Respondent was handling thirty (30) cases just in the Middle District of Florida alone and that this caseload was overwhelming for him and his case manager. Respondent's Letter also informed the Committee that Respondent's case manager resigned unexpectedly in October 2019 and, unbeknownst to Respondent,

numerous tasks in his federal cases were only partially completed (if at all). Respondent's Letter also admits that his conduct was unethical and that he should have come clean when given the opportunity to do so by Magistrate Judge Kidd.

The Committee has read and considered Respondent's Letter and hopes that Respondent is serious about taking steps to reform his legal practice going forward. The Committee appreciates the time and thought put into Respondent's response. However, the promises of future action in Respondent's Letter do not absolve Respondent's prior pattern of neglect of the applicable rules (including Fla. R. Prof'l Conduct 4-1.3 and 4-3.2, requiring diligence and timeliness, as well as Local Rule 2.04(h), requiring cooperation between counsel) and most egregiously, his false statement to the Court in the Rule 3.01(g) certification (violating Fla. R. Prof'l Conduct 4-3.3, requiring candor with the Court).

Based on the Committee's investigation and the facts laid out above, the Committee concludes that serious sanctions are in order. The Committee finds that Respondent evidenced a pattern of unprofessionalism that not only delayed the Court system and the administration of justice, but also negatively impacted his clients. In the *Mackey* case, Respondent has violated the Florida Rules of Professional Conduct and the Local Rules. In short, Respondent has not demonstrated the competence and professionalism necessary to practice in the Middle District of Florida.

## CONCLUSION

Accordingly, the Committee RECOMMENDS that the Court enter an Order as follows:

1. Referring Respondent to the Florida Bar;

2. Suspending Respondent from the Bar of the Middle District of Florida for a period of at least twelve (12) months, effective as of thirty (30) days from the date of the Order on this Recommendation, which time is intended to permit Respondent to deal with his existing caseload and protect the interests of his existing clients during his suspension, and lasting until the reinstatement conditions below are met;

3. Prohibiting Respondent from taking on new cases in the Middle District of Florida, effective as of the date of the Order and lasting unless and until he is reinstated to the Bar of the Middle District of Florida pursuant to the reinstatement conditions below;

4. Ordering that, once Respondent is reinstated to the Bar of the Middle District of Florida, Respondent is prohibited from taking on more than ten (10) cases in the Middle District of Florida at any one time, absent prior Court approval, for a period of twelve (12) months after reinstatement; and

5. Setting the following reinstatement conditions, which must be met before Respondent is permitted to petition the Bar of the Middle District of Florida for reinstatement:

    a. Submit to the Florida Bar for a "Comprehensive Evaluation";

    b. Attend and complete the Florida Bar's Professionalism Workshop and the Stress Management Workshop during the period of the suspension;

    c. Attend and complete all aspects of a Law Practice Management CLE;

    d. Attend and complete all aspects of the Practicing with Professionalism CLE;

    e.    Pay all outstanding monetary sanctions, fees, and costs levied against him, in any federal, state, or disciplinary actions, including those sanctions that may be ordered by this Court;

    f.    Complete all remediation ordered by the Florida Bar, if any;

    g.    Complete all remediation ordered by any court, including reporting of any sanctions orders levied by any court to the appropriate parties;

    h.    Re-read the Florida Rules of Professional Conduct and the Local Rules of this Court in full and certify in writing to this Court that he has done so; and

    i.    Report to the Court the completion of subparagraphs (a) through (h) of this paragraph on or before the date marking the end of the suspension period.

The Committee asks that this Recommendation be filed in the docket of the above-captioned case and that copies be provided to all judges in the Middle District of Florida presiding over a case in which Respondent is counsel of record (see Exhibit A below). The Committee also requests that the Clerk serve a copy of this Recommendation on the Florida Bar should Judge Kidd so order.

    Respectfully submitted,

                                                  */s/ Lauren Millcarek*
                                                  Lauren Millcarek, Esq.
                                                  Florida Bar No. 100317
                                                  lmillcarek@shutts.com
                                                  Chair
                                                  Grievance Committee
                                                  U.S. District Court
                                                  Middle District of Florida
                                                  Orlando Division

Dated: October 30, 2020.

## **Exhibit A**

| Case Number | Case Name | Current Status |
|---|---|---|
| 6:12-cv-1320-RBD-TBS | Liberty Life Assurance Co. of Boston v. Devillavilla | Closed 2/19/14 |
| 7:17-cv-120-GAP-DCI | Rene v. Lawson | Closed 7/11/17 |
| 6:18-cv-614-CEM-LRH | Powell v. Morgan Prop. Solutions, Inc. | Closed 12/13/19 |
| 6:18-cv-1898-RBD-LRH | Gowan v. Universal City Dev. Partners, Ltd. | Closed 4/23/19 |
| 6:19-cv-241-CEM-LRH | Rodriguez v. Osceola Cty. School Board | Closed 7/18/19 |
| 6:19-cv-1215-WWB-DCI | Muller v. Lake Forest Family Dentistry | Closed 9/11/20 |
| 6:19-cv-1216-CEM-GJK | Spoerer v. King | Closed 6/29/20 |
| 6:19-cv-1325-PGB-DCI | Dunn v. Raytheon Co. | Closed 8/7/20 |
| 6:19-cv-1351-CEM-EJK | Willis v. Raytheon Co. | Closed 7/6/20 |
| 6:19-cv-1701-RBD-EJK | Hunter v. Orange Cty. | Filed 8/29/19 [Open] |
| 6:19-cv-1797-WWB-LRH | McFall v. Charter Comm'cns | Filed 9/16/19 [Open] |
| 6:19-cv-1921-GAP-EJK | Mackey v. Fairwinds Credit Union | Filed 10/7/19 [Open] |
| 6:19-cv-2068-ACC-GJK | Adrien v. Sears Roebuck & Co. | Filed 10/28/19 [Open] |
| 6:19-cv-2255-JA-GJK | Knezevic v. Health Plan One, Inc. | Closed 6/30/20 |
| 6:19-cv-2298-JA-LRH | Perez Jr. v. Orange Cty., Fla. | Filed 12/5/19 [Open] |

| 6:20-cv-80-WWB-EJK | Moore v. Raytheon Co. | Closed 7/7/20 |
|---|---|---|
| 6:20-cv-215-GAP-EJK | Aragon-Duque v. Fla. Dep't of Ed. Vocational Rehab. Off. | Filed 2/7/20 [Open] |
| 6:20-cv-269-CEM-LRG | England v. Midwest Transportation Inc. | Filed 2/17/20 [Open] |
| 8:19-cv-2305-TPB-AAS | Jairo Aburand v. Haines City, Fla. | Filed 9/16/19 [Open] |
| 8:19-cv-2351-MSS-AAS | Mccahuey, Jr. v. Haines City, Fla. | Filed 9/23/19 [Open] |
| 8:19-cv-3111-WFJ-CPT | Jackson v. Haines City, Fla. | Filed 12/18/19 [Open] |
| 8:19-cv-3137-TPB-TGW | Cardinal v. Haines City, Fla. | Filed 12/20/19 [Open] |

ORLDOCS 18166588 1